## NICHOLS vs. DIBRELL.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Jurisdiction.*—The decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case, and which they might have had decided.

*Same.*—Otherwise stated, the plea of res adjudicata applies to points not only upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which, by exercise of proper dilligence, might have been brought forward. Such doctrine has been applied to cases in which the wife was a party to the previous suit, and held her bound as any other litigant in the suit—the only exception being where the subject matters involved in the two suits, though of same character, were different. Such exception does not apply to this case, though invoked.

*Same—Homestead.*—It is apparent from the pleadings and facts in this case, that, if in fact the land was the separate property of the wife and the homestead at the time of D.'s purchase, the defense of homestead might have been pleaded and adjudicated in the former case, and hence, that question being omitted, it cannot be set up in a subsequent action.

Appeal from Gaudalupe county.

*Rust & Erringhaus,* for appellant.

*W. E. Goodrich,* for appellee.

It is well settled that the decision of a court of competent jurisdiction is conclusive not only as to the subject matter determined but as to every other matter which the parties might have litigated in the case and which they might have had decided. (Dauahn vs. Printiss, 22 Wisc., 316; Bulis vs. Spooner, 45 Ind., 493; LeGreen vs. Gowerman, Johns. cases, 492; Shettlesworth vs. Hughey, 9 Rich. 387.)

Or as differently expressed, "The plea of *res judicata* applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties by exercising reasonable diligence might have brought forward at the time." (Aurora City vs. West, 7 Wall. 106.)

This court has frequently endorsed this principle and adhered to it whenever it has been called in question. Lee vs. Kingsberry, 13 Tex., 68; Tadlock vs. Eccles, 20, Tex., 782 ; Chilson vs. Reens, 29 Tex., 782; Webb vs. Mallard, 27 Tex., 80 ; Cayee vs. Powell, 20 Tex., 768 ; Taylor vs. Harris, 21 Tex., 439; Baxter vs. Dear, 24 Tex., 17.)

They have applied it, as will be seen from the above authorities, to cases in which the wife was a party to the previous suit, and have held her bound by the judgment in the same manner as any other litigant. (Howard vs. Spence, 5 Tex., 290 ; Baxter vs. Dear, and Keare vs. Powell, supra.)

The only exception, if such it can be called, is where the claim or demand in the one case is different from what it is in the other. for instance where the former suit was upon different bonds from those upon which the second suit is founded. (Cromwell vs. County of Sac., 94, U. S. 351.) Or where a wholly different tract of land is involved in one suit from what there was in the other.

In such cases it is held that in order to operate as a bar to another action, the point in question must actually have been litigated in the former suit. (Cromwell vs. County of Sac., supra.) It is sought to apply this exception to the present case, but it is clear that it has no pertinence to it whatever ; for the pleadings show that the former suit between Dibrell and the plaintiffs involved the title to a tract of land which included the land upon which Dibrell is alleged in this case to have trespassed.

The only question then is : Was the homestead right such a defense as might have been put in issue and decided in the former action ?

That action, according to appellants was to establish title and recover the whole 129¾ acres, and it was claimed under an execution sale at which it was sold to Dibrell as the property of John W. Nichols one of the original plaintiffs in this suit and claimed by his wife the other plaintiff.

In such a case of course Dibrell had to recover on the strength of his own title. Anything which would have defeated that title could have been pleaded and proved by the defendants in that case. Hence the appellants could have set up not only that the property was at the time of Dibrell's purchase the separate property of the wife but that it was the homestead of both of them if it occupied that position at the time. If it did not, it could not have become so since for it was impossible to acquire a homestead on Dibrell's land, decreed to him by the district and supreme courts.

It is evident then that the subject matter of the two suits is the same, and that the homestead claim of appellants which it was necessary to litigate in this cause might have beeen determined in the former action.

When a party has two defenses to a suit he must urge them both and have a decision upon them. He cannot divide up litigation into different suits by pleading one as a defense and afterwards using the other as a means of attaching the title which has prevailed over his

other defense. (Williams vs. Close, 12 La., an. 878; Schaeffer vs. Scuddy, 14.) It matters not that the suit in favor of Dibrell was to recover the land and this to enjoin him from trespassing upon it after it was recovered. It is not the relief sought, but the matter alleged upon which the recovery proceeds that creates the estoppel. (Lord Ellenborough in Ontiam vs. Maverwood, 3 East. 346.) If in the first suit the court held that the matter alleged by Dibrell entitled him to recover the land from Nichols and wife surely this included a finding that they could not enjoin him from cutting timber from it, or otherwise making use of the land as his own property.

The homestead right is not of a character to make it an exception to the rule we have announced as to the plea of *res judicata*. It has been frequently attempted in this to state to exempt it from the operation of the rule; but it has always been held that when it might have been pleaded in the former suit it was too late to set it up in the latter.

Thus where a mortgage has been foreclosed upon a homestead and a second suit has been brought by the purchaser at the mortgage sale, it is held that it is too late to set up the homestead right as a bar to the last action. (See authorities already cited.)

It is necessary to state that a judgment binding upon Nichols estops his children from setting up the homestead claim in the present suit.

What we have said disposes also of the question as to the right to open the former decree, and declare it a nullity because the homestead was involved in the cause; and the attempt to have that decree reviewed because of insufficient proof to support it does not demand our attention. That the bill of review could not be allowed upon the allegations in the pleadings is well established by the decisions of this court."

(Johnson vs. Templeton, 2 Tex. L. R., 269; 29 Tex., 14; 21 Tex., 183.)

The court below properly struck out all the averments of the supplemental petition, and the plaintiff having declined further to amend or to offer evidence under his pleadings as they then stood the judgment was properly rendered for the defendant and it is affirmed.

Affirmed.    Willie, C. J.